IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL DEAN ALBERT, | CV-21-0016-H-BMM-KLD |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| MONTANA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff Michael Dean Albert has filed a Complaint alleging various 8th Amendment constitutional violations associated with his incarceration. (Doc. 2.) He has also filed a motion to proceed in forma pauperis with the requisite account statement. (Doc. 1.) The motion will be granted. His Complaint will be served in part and recommended for dismissal in part.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Albert has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Albert must pay the statutory $350.00 filing fee. Albert submitted an account statement showing an inability to pay that fee; therefore, the

initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").

Albert will be required to pay the filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Plaintiff must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Bruce*, 577 U.S. at 87. By separate order, the Court will direct the facility where Albert is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.    Parties

Albert is a state prisoner currently incarcerated at Montana State Prison ("MSP"). (Doc. 2 at 2.) He is proceeding in forma pauperis and without counsel. He names the following Defendants:  Montana Department of Corrections ("DOC"), DOC Clinical Services Division, Brian Gootkin, Tricia Jory, DOC Probation and Parole Division, Paul Rees, Heidi Abbott, Melissa Scharf, Connie Winner, and Alishia Jameson.  (Doc. 2 at 2.)

### B.  Allegations

Albert asserts two constitutional claims under 42 U.S.C. § 1983.

First, he alleges that Tricia Jory (parole officer) interfered with his medical treatment while he was on medical parole by telling the Powell County prosecutor that he was done with his treatment when she knew he wasn't. Albert was on parole from approximately August 1, 2018 to June 2019, occasionally traveling to Salt Lake City, Utah, to get treatment on his amputated leg. Jory was aware of these trips. Albert was then arrested in June 2019 on a warrant related to times when Albert smuggled things into MSP in 2016 and 2017. He was unable to finish his treatment in Utah. He subsequently filed various grievances and requests to be released to continue his treatment, to no avail.

Albert's second claim relates to treatment for his heart condition. He has an artificial valve and takes related daily medication. He claims his cardiac doctor gave him a very specific protocol for maintaining the health of this valve, and he has been unable to get MSP to provide the proper treatment, causing him to fear for his life.

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Albert is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or

"amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**A.  Analysis**

Albert has stated plausible Eighth Amendment claims related to lack of current treatment for his leg and his heart. The Complaint will be served on Defendants Paul Rees, Heidi Abbott, Melissa Scharf, Connie Winner, and Alishia Jameson, all of whom are named with specific factual allegations regarding Albert's ongoing medical treatment.

However, defendants Montana Department of Corrections, DOC Clinical Services Division, Brian Gootkin, Tricia Jory, and DOC Probation and Parole Division will be recommended for dismissal. The three DOC agencies, as divisions of the State of Montana, are immune from suit under the Eleventh Amendment, which bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence any claim against the State of Montana or any agency of the State (including the Montana Department of Corrections) cannot be brought in federal court and will be recommended for dismissal.

Further, §1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a

defendant will not be held liable just because they oversee the State, a prison, or the Department of Corrections. Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F. 2d 565, 568 (9th Cir. 1987).

The Ninth Circuit has identified four general situations in which supervisory liability may be imposed:

> "for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. … In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."

*Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal citations and quotation omitted.)

For the purposes of this screening, Albert has sufficiently alleged that he has a serious medical need. He has not, however, sufficiently alleged any facts to state a claim against Brian Gootkin under any supervisory liability theory. As explained above, he is not liable simply because he has supervisees who may have acted in an unconstitutional manner, or even if he specifically knew that Albert has medical needs. He must have some personal role in the actions or inactions complained of.

7

Albert has simply failed to allege facts to state a plausible claim against Gootkin, and he should be dismissed.

Finally, Defendant Tricia Jory should be dismissed. Albert considers her the linchpin of his reincarceration—but for whatever comments she made to the prosecutor, he would not be in MSP. But the choice to prosecute Albert was not hers, but the prosecutor's. Of course, a prosecutor's discretion is "subject to constitutional constraints." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *United States v. Batchelder,* 442 U.S. 114, 125 (1979). But a prosecutor's choice of when to bring charges does not give rise to a constitutional claim for the defendant, regardless of how poorly the timing works for him. And Albert alleges no infirmity with the prosecution itself; he just does not like that it interfered with his medical plans. Jory's role, whatever it was, in his prosecution was not the reason he is incarcerated; the reason is his 2016 and 2017 crimes. These facts do not state a federal claim against Tricia Jory, and she should be dismissed.

## III.  MOTIONS FOR PRELIMINARY INJUNCTION

Albert has filed two motions for preliminary injunction, one with his Complaint and another a week later. (Docs. 3 and 5.) The two motions and their supporting documents appear to be identical. Because the Court is ordering the Complaint to be served on defendants, the motion will also be served. Defendants are entitled to waive service of summons but will be directed to file their response

to the motion on the day that their responsive pleadings are due. There will be an

expedited briefing schedule allowing for a reply, if necessary, and a hearing may

be set.

## IV. CONCLUSION

The Court has considered whether Albert's Complaint is frivolous,

malicious, fail to state a claim, or seek solely monetary relief from a defendant

who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Complaint should be

dismissed in part, and served in part.

At all times during the pendency of this action, Albert must immediately

advise the Court of any change of address and its effective date. Failure to file a

notice of change of address may result in the dismissal of the action for failure to

prosecute pursuant to Fed. R. Civ. P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

1.    Albert's motion to proceed in forma pauperis (Doc. 1) is GRANTED.

The lodged Complaint shall be deemed filed as of March 3, 2021.

2.    Pursuant to Fed. R. Civ. P. 4(d), the Court requests Defendants Paul

Rees, Heidi Abbott, Melissa Scharf, Connie Winner, and Alishia Jameson waive

service of summons of the Complaint by executing, or having counsel execute, the

Waiver of Service of Summons.  The Waiver must be returned to the Court within

30 days of the entry date of this Order. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

4. The Clerk of Court shall e-mail the following documents to Defendants:

* Complaint (Doc. 2);

* a copy of Plaintiff's Motion for Preliminary Injunction and attachments (Doc. 3);

* this Order;

*  a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

Counsel for DOC Defendants will not be served hard copies of these documents.

5. Defendants shall, at the time of their initial appearance, file a response brief to Plaintiff's motion for a preliminary injunction.

6. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in

10

letter form.

7.  Albert <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

8.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

9.  At all times during the pendency of this action, Albert must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## RECOMMENDATIONS

1.  Plaintiff's Count I should be dismissed for failure to state a claim. Defendants Montana Department of Corrections, DOC-Montana Clinical Services Division, Brian Gootkin, Tricia Jory, and DOC Probation and Parole Division should be dismissed.

DATED this 14th day of July, 2021.

Kathleen L. DeSoto
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| MICHAEL DEAN ALBERT, | CV-21-00016-H-BMM-KLD |
|---|---|
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| REES ET AL., | |
| Defendants. | |

TO:

| Paul Rees<br>700 Conley Lake Rd.<br>Deer Lodge, MT 59722 | Heidi Abbott<br>700 Conley Lake Rd.<br>Deer Lodge, MT 59722 |
|---|---|
| Melissa Sharf<br>700 Conley Lake Rd.<br>Deer Lodge, MT 59722 | Connie Winner<br>700 Conley Lake Rd.<br>Deer Lodge, MT 59722 |
| Alishia Jameson<br>700 Conley Lake Rd.<br>Deer Lodge, MT 59722 | |

A lawsuit has been filed against you in this Court under the number shown above.  A copy of the Complaint (Doc. 2) is attached. This is not a summons or an official notice from the Court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed

waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you were served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent to answer the Amended Complaint.  If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve you with the summons and Complaint and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 14th day of July, 2021.


Kathleen L. DeSoto
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver

form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL DEAN ALBERT, | CV-21-00016-H-BMM-KLD |
| Plaintiff, | |
| vs. | WAIVER OF SERVICE OF SUMMONS |
| REES ET AL., | |
| Defendants. | |

TO:    The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint (Doc. 2). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____;_____;

_____;_____;

_____;_____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

waive any objections to the absence of a summons or of service.  Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to do so default judgment will be entered against them.

Date:  _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)