IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL DEAN ALBERT, | CV 21-16-H-BMM-KLD |
| Plaintiff, | |
| vs. | **ORDER** |
| MONTANA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**BACKGROUND.**

Plaintiff Michael Dean Albert ("Albert") filed a Complaint in which he alleged various Eight Amendment violations associated with his incarceration. Doc. 2. Albert filed a Motion for Leave to Proceed in forma pauperis. Doc. 1. United States Magistrate Judge Kathleen DeSoto granted Albert's Motion for Leave to Proceed in forma pauperis. Doc. 7 at 9. Judge DeSoto recommended that the Court dismiss several of the defendants. *Id*. at 11. Albert filed Objections to Judge DeSoto's recommendation. Doc. 10.

1

**JUDGE DESOTO'S FINDINGS AND RECOMMENDATIONS.**

Judge DeSoto recommended that the Court dismiss Defendants Montana Department of Corrections, DOC-Montana Clinical Services Division, Brian Gootkin, Tricia Jory, and DOC Probation and Parole Division. Doc. 7 at 11. Judge DeSoto determined that Defendants Montana Department of Corrections, DOC-Montana Clinical Services Division, and DOC Probation and Parole Division (collectively, "Defendant Agencies") are immune from suit under the Eleventh Amendment, and the State of Montana has waived immunity only for tort claims brought in state court. *Id*. at 6. Judge DeSoto determined that Defendants Brian Gootkin enjoys immunity as a supervising officer to § 1983 claims under a respondeat superior theory of liability. *Id*. Judge DeSoto determined that Albert failed to allege valid claims against Defendant Jory because the decision to prosecute Albert was not hers to make. *Id*.

**LEGAL STANDARD.**

The Court conducts de novo review of the portions of a magistrate judge's findings and recommendations to which a party properly objects. 28 U.S.C. § 636(b)(1). A party makes a proper objection by "identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the Court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v.*

2

*Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). The Court will review for clear error the portions of a magistrate judge's findings and recommendations to which a party's objections constitute only perfunctory responses argued in an attempt to rehash the same arguments set forth in the original response. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syraz*, 235 F.3d 422, 427 (9th Cir. 2000).

**OBJECTIONS.**

Albert filed timely objections. Doc. 10. Albert's objections prove improper, however, because he fails to present legal argument and supporting authority that support a contrary result. *See Holder*, 2010 WL 4102940, at *2. Albert objects to Defendant Gootkin's dismissal, stating that Defendant Gootkin knew of Albert's medical situation. Doc. 10 at 2. Albert objects to Defendant Jory's dismissal, stating that Defendant Jory "acted under color of law when she lied to the prosecutor about Alberts's medical treatment." *Id*. Albert objects to Defendant Agencies' dismissal, stating these agencies "should be held to a much higher standard." *Id*. at 4. Albert fails with these objections to present legal argument that Defendants lacked the immunity on which Judge DeSoto based her recommendation. *See Holder*, 2010 WL 4102940, at *2. The Court will review for clear error, therefore, Judge DeSoto's Findings and Recommendations. *See Syraz*, 235 F.3d at 427.

**ANALYSIS.**

The Court finds no clear error in Judge DeSoto's Findings and Recommendations (Doc. 7). *See Syraz*, 235 F.3d at 427. Judge DeSoto correctly determined that Defendant Agencies are immune under the Eleventh Amendment to Albert's claims. Doc. 7 at 6. The Eleventh Amendment bars suit in federal court against a state or state agency without a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267−68 (1997). The State of Montana has waived immunity only for tort claims brought in Montana state court. Defendant Agencies, as agencies of the State of Montana, are immune under the Eleventh Amendment to Albert's claims in federal court.

Judge DeSoto correctly determined that Defendant Gootkin enjoyed immunity from Albert's § 1983 claims under a respondeat superior theory of liability. Defendants will not be held liable simply because they oversee the State, a prison, or the Department of Corrections. Albert failed to allege facts that suggest Defendant Gootkin played "an affirmative part in the alleged deprivation of constitutional rights." *Kind v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

Judge DeSoto correctly determined that Albert failed to state a valid claim against Defendant Jory because the decision to prosecute Albert rested with the prosecutor, not Defendant Jory. Doc. 7 at 8. Albert alleged no deficiencies to the

4

prosecution itself, only that it interfered with his receipt of medical care. When to bring a prosecution constitutes a question that prosecutors retain wide discretion in answering.

## ORDER

**IT IS ORDERED** that Judge DeSoto's findings and recommendations (Doc. 7) is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Defendants Montana Department of Corrections, DOC Clinical Services Division, Brian Gootkin, Tricia Jory, and DOC Probation and Parole Division are **DISMISSED**.

DATED this 16th day of August, 2021.

_____
Brian Morris, Chief District Judge
United States District Court