IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL DEAN ALBERT,<br>          Plaintiff,<br>  v.<br>PAUL REES,<br>          Defendant. | CV 21-16-H-BMM-KLD<br><br>ORDER |

Plaintiff Michael Dean Albert has moved for a preliminary injunction. (Docs. 3 and 5.) Albert also seeks entry of default and default judgment. (Docs. 18 and 19.) For the following reasons, the motions will be denied.

## I.     Background

Albert's Eighth Amendment claim relates to treatment for his heart condition at Montana State Prison ("MSP"). He has an artificial valve and takes related daily medication. He claims that he has been given a very specific protocol for maintaining the health of this valve, and he has been unable to get MSP to provide the proper treatment. (Doc. 2.)

In this motion, he reasserts claims that he should have daily monitoring of certain blood levels, different medications, and other treatments. (Though Albert has filed two documents labelled "Motion in Support of Preliminary Injunction," they appear quite similar. Both include references to the law regarding deliberate indifference to prisoner's medical needs and dozens of pages of medical records and prison grievances

regarding his care.) Plaintiff seeks an injunction requiring MSP not to ignore his prior doctor's orders, or to send him weekly to Southwest Montana Community Medical Center for care. (Doc. 5-2 at 3.)

Defendant Paul Rees's response relies predominantly on his Affidavit, which describes Albert's medical condition, needs, and treatment, and on various medical records. (Docs. 17 and 17-1.)

## II.   Analysis

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for an injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994). The party seeking an injunction must show that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

The Prison Litigation Reform Act ("PLRA") further constrains the Court's authority to enter an injunction.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. *The*

*court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system*.

18 U.S.C. § 3626(a)(2) (emphasis added).

As sought here by Albert, a "mandatory injunction orders a responsible party to take action" and "is particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (citation and quotation marks omitted). (As an aside, Albert requests action that would be undertaken by MSP itself, not the defendant. An injunction that reaches beyond the parties is even more disfavored.)

### A. Likelihood of Success on the Merits

Plaintiff has not carried his burden on this element. Though he points in the right direction, legally, to the standards of an Eighth Amendment deliberate indifference claim, he has not established that he will likely succeed on those elements. (Doc. 3 at 7.) In particular, Albert refers to "the mistreatment is objectively serious" and the "defendant subjectively ignored the risk." *Id.* "Deliberate indifference" is established only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir.2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "A prison official's duty under the Eighth Amendment is to ensure reasonable safety," and "prison officials who act reasonably

cannot be found liable[.]" *Farmer*, 511 U.S. at 844-45 (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993).) At this stage in the proceedings, however, the evidence in the record as far as Albert's treatment at MSP, does not reflect deliberate indifference to his medical needs or that there is a substantial risk of serious harm in his current treatment regime.

### B. Likelihood of Irreparable Harm

Plaintiff also fails to carry his burden on this element. The Affidavit of Rees demonstrates both that there is nothing objectively damaging about the treatment Albert has received; his July 2021 scan shows that he is not suffering from the harmful vegetations that show a clotting problem. (Doc. 17-1 at 11.) Nor have his blood levels been intractably out of therapeutic range. *Id.* There is nothing to suggest that irreparable harm is likely to occur if the Court does not issue a mandatory injunction. Though Albert's medical concerns are obviously serious, and potentially life-altering, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

### C. The Balance of Equities/Public Interest

"Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*,

977 F.3d 935, 940 (9th Cir. 2020). Balancing the equities in the prison medical care context is difficult. Clearly, Albert's concern for proper medical care is compelling. However, MSP has the obligation to provide medical care objectively and safely to all of its patients, irrespective of the exact treatment that each individual inmate may prefer. However, in light of Albert's failure to show that he is likely to succeed on the merits, or that he is likely to suffer irreparable harm without an injunction, this factor weighs heavily in favor of the Defendant. An injunction requiring MSP to transport Albert weekly for medical care outside of the facility, when he can apparently receive adequate care under his current regime, would impose financial, security, and logistical burdens on MSP that are unwarranted. Those burdens, in turn, fall on the taxpayers and residents of Montana.

Based upon the record before it, the Court finds extraordinary relief is not warranted at this point. Albert has not met his burden of persuasion and has not demonstrated that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such an order, that the balance of equities tip in his favor, or that an injunction is in the public interest. See *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

### III. Motions for Entry of Default and Judgment

Albert filed motions for entry of default and default judgment, claiming that Defendants had neither Answered nor responded to his motion for preliminary

injunction. (Docs. 18 and 19) As the docket and Defendants' responses show, Defendants did timely file both documents. (Doc. 16 and 17.) Plaintiff's motions will be denied. However, the Clerk of Court will be directed to send Plaintiff additional copies of the Answer and the response brief for his files.

It is therefore HEREBY ORDERED:

1. Plaintiff's motions for preliminary injunction (Docs. 3 and 5) are DENIED, subject to renewal if circumstances change.

2. Plaintiff's motions for default and entry of default judgment (Docs. 18 and 19) are DENIED. The Clerk of Court is directed to provide Plaintiff with additional copies of Docs. 16 and 17.

3. A scheduling order for further proceedings in this case will be issued by separate order.

4. At all times during the pendency of this action, Plaintiff must keep the court apprised of any change in address. Failure to do so may result in dismissal.

DATED this 19th day of October, 2021.

_____
Kathleen L. DeSoto
U.S. Magistrate Judge