IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL DEAN ALBERT, | CV-21-0016-H-BMM-KLD |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND |
| | RECOMMENDATIONS OF U.S. |
| MONTANA DEPARTMENT OF | MAGISTRATE JUDGE |
| CORRECTIONS, et al., | |
| Defendants. | |

Pending before the Court are Defendants' motions for judgment on the pleadings (Doc. 43) and to strike (Doc. 45), and Plaintiff's motions for settlement (Doc. 33) and to add defendants (Doc. 41). The motions are analyzed as follows.

## I.   DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS and PLAINTIFF'S MOTION TO ADD DEFENDANTS

Defendants Paul Rees, Heidi Abbott, Melissa Scharf, Connie Winner, and Alishia Jamieson have moved for judgment on the pleadings based on the "Amendment" filed by Plaintiff Michael Dean Albert on January 10, 2022. (Doc. 34.) Defendants assert that Albert's Amendment, in conjunction with his motion to add defendants (Doc. 41), seeks to add claims and defendants unrelated to the medical care claims that are pending against the current defendants. Defendants therefore find the amendment inappropriate and seek judgment on the new claims.

Albert's Amendment includes details related to his original claims regarding medical care for his heart and leg but also includes an allegation of sexual assault, perpetrated by an unnamed person, during a medical visit in November, 2019. (Doc. 34 at 4 – 5.) The Amendment also alleges that Albert did not receive proper mental health care related to this assault. (Doc. 34 at 6.)

Albert's motion to add Defendants names Bill Weddington, Kristie Cobban, Stephanie Turner, Jodie Wells, and various unknown mental health supervisors, PREA[1] supervisors, and policy compliance supervisors. The motion is not accompanied by a brief or any legal argument. None of these additional proposed defendants appear by name in the allegations of Albert's original or Amended Complaints. However, given the mention of PREA, the Court interprets these additional defendants to relate to Albert's new sexual assault claim in his Amendment and will view the motion to add them and the motion for judgment on the pleadings together.

Defendants seek Rule 12(c) judgment on the pleadings regarding the sexual assault claim in the Amendment. (Doc. 44 at 2.) Fed. R. Civ. P. 12(c) states that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "[P]leadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no

---

[1] PREA is the Prison Rape Elimination Act of 2003, 34 U.S.C. § 30301 et seq..

counterclaim or cross-claim is made." *Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005). "Judgment on the pleadings is properly granted when [, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The "court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal citation omitted).

As pled, Albert's allegations fail to entitle him to a legal remedy. He fails to state a claim upon which relief can be granted. He has not identified an individual who allegedly perpetrated the assault, even if the Court takes the facts of the asserted assault as true, and especially given that an investigation into the assault "concluded unsubstantiated." (Doc. 34 at 4 - 5.) Further, Albert does not allege that any of the named defendants had any involvement with or knowledge of this assault. Taking these allegations as true does not show that Albert states a claim for assault. These claims should be dismissed for failure to state a claim and would have been dismissed in this Court's screening of Albert's original Complaint, had they appeared there in this form.

Ordinarily he would have the option to attempt to amend, but, in this case, an amendment to add these claims should not be allowed. "Amendments seeking to

add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants contend that this new allegation from Albert prejudices them because discovery has closed; reopening it would cause further delay. (Doc. 47 at 10.)

A plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  *George*, 507 F.3d at 607.

The Court recommends judgment on the pleadings as to Albert's sexual assault claim. His vague claims regarding mental health treatment may continue

against these defendants to the extent they are viable, since they may relate to his general claims of denial of medical care. That is up to Albert to prove. Ordinarily, Albert's sexual assault claim could be severed, but as Defendants point out, without a proper defendant, the claim is simply not properly added to this litigation. Albert's motion to add defendants is denied. He must file a new suit with his new allegations against the proper defendants.

## II.   DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OBJECTIONS TO DEFENDANTS ANSWERS

Defendants' motion to strike will be denied. (Doc. 45.) They are correct that Fed. R. Civ. P. 7 does not allow for objections to an Answer. As such, this is not a cognizable pleading for the Court and will not be considered. However, the Court sees no reason to strike it from the record.

## III.   PLAINTIFF'S MOTION FOR SETTLEMENT

Plaintiff proposed a settlement regarding his ongoing medical care. (Doc. 33.) Defendants did not respond to this proposal with any court filing, though they may have responded to Albert directly. To the extent the parties seek the Court's involvement in an attempt to settle this matter, the Court will entertain a joint motion from the parties. As to Plaintiff's proposed settlement, if it is a motion seeking any action at this point from the Court, it is denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Plaintiff's Motion to Add Defendants is DENIED. (Doc. 41.)

2. Defendants' Motion to Strike is DENIED. (Doc. 45.)

3. Plaintiff's Motion for Settlement is DENIED, subject to renewal. (Doc. 33.)

4. At all times, Albert must keep the Court and parties informed of any change of address. Failure to do so may result in dismissal.

## RECOMMENDATIONS

1. Defendants' Motion for Judgment on the Pleadings should be GRANTED as to any allegations of sexual assault. (Doc. 43.)

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen days after service.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of March, 2022.

Kathleen L. DeSoto
United States Magistrate Judge