IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL DEAN ALBERT,<br><br>Plaintiff,<br><br>v.<br><br>PAUL REES, et al.,<br><br>Defendants. | CV 21-16-H-BMM-KLD<br><br>ORDER<br>and<br>FINDINGS AND RECOMMENDATION |

Plaintiff Michael Dean Albert has filed a Motion for an Interlocutory Appeal (Doc. 49) and a Motion for Temporary Injunction and Declaratory Relief (Doc. 60). Defendants oppose both. (Doc. 61.) The Court will deny the motion for an interlocutory appeal and recommend denial of the motion for an injunction.

A. Motion for Interlocutory Appeal

Albert's motion for an interlocutory appeal does not identify an order that he intends to appeal. Instead, he refers to defeating summary judgment and needing an expert witness and counsel. (Doc. 59 at 1.) The Court has addressed Albert's requests for counsel twice before. (Docs. 25 and 54.) His additional request here does not add any information to suggest that his case is the exceptional one that merits a judicial request for counsel, as explained previously. The motion will be denied.

1

Albert's request for an expert is similarly without merit. An expert to detail the medical care required by Albert is not necessary in this litigation. *Gorton v. Todd* provides a framework for consideration of a motion for appointment of an expert. The first factor is whether the testimony will promote accurate fact finding.

> The touchstone is that expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the *trier of fact* to comprehend a material issue in a case. Further, in order to demonstrate such necessity, there also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony.

*Gorton v. Todd*, 793 F. Supp. 2d at 1181 (citations omitted and emphasis added).

The second, non-determinative factor is whether a party has the ability to procure the testimony. "Appointing expert witnesses under Rule 706 is rare given that the adversary system is usually sufficient to promote accurate fact finding." *Cejas v. Paramo*, No. 14-CV-1923-WQH(WVG), 2018 WL 3618236, at *1 (S.D. Cal. July 30, 2018). However, clearly an inmate may have difficulty presenting his or her case. But an expert should not be appointed solely to help a party present its case, but rather, only when it is necessary to aid the court. *Id*.

Finally, the court should consider the nature of the claim and the significance of the rights at stake. *Gorton*, 793 F. Supp. 2d at 1184. Clearly, Albert's constitutional rights are significant. However, Albert's request for an expert misapprehends the determinative question at issue here. This is not a

medical malpractice case, in which a doctor's liability may hinge on negligent failure to adhere to a standard of care. This is an Eighth Amendment constitutional claim, where the issue is whether the defendants' treatment of Albert was constitutionally deficient. That determination, the Ninth Circuit has held, requires an analysis of the state of mind of the defendants, whether it amounted to subjective deliberate indifference. *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 667–68 (9th Cir. 2021). Whether Defendants exhibited deliberate indifference to Albert's serious medical needs does not involve complex questions of medical diagnosis and judgment that are beyond the ordinary comprehension of the Court, or, eventually, a jury.

> Succinctly put, "[e]xpert testimony is not required to adequately evaluate evidence of Defendants' state of mind at the time of the incident."…And, despite plaintiff['s] contrary assertion, because this case involves deliberate indifference and not medical malpractice, an expert is not needed to assist the fact finder "in determining and applying the appropriate standard of care[.]" ("The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care.")

*Ellsworth v. Prison Health Servs., Inc.*, No. CIV 11-8070 PCT RCB, 2013 WL 6587876, at *8 (D. Ariz. Dec. 12, 2013). The Court finds that an expert is not necessary in this case to analyze whether Defendants were deliberately indifferent to Albert's medical needs.

Albert's motion also refers to the pending motion for summary judgment. He will be given additional time to file his response brief, now that it appears he has had access to Defendants' discovery documents. Otherwise, the motion is denied.

B.  Motion for Temporary Injunction

Albert's motion for an injunction seeks the Court's help in accessing the materials that Defendants provided him in discovery. (Doc. 60.) Defendants respond that they have been assured by MSP staff that Albert will be able to view the materials, following some technical difficulties. (Doc. 61 at 5.) They also state that they have mailed Albert paper copies of his medical files. *Id.*

A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). The party seeking an injunction must show that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

As sought here by Albert, a "mandatory injunction orders a responsible party to take action" and "is particularly disfavored." *Marlyn*


*Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (citation and quotation marks omitted).

Considering the *Winter* factors, the Court concludes that an injunction is not proper. It appears from the filings that Albert's problem has already been solved by Defendants, making the request of a court order moot. Based upon the record before it, the Court finds extraordinary relief is not warranted at this point. Albert has not met his burden of persuasion and has not demonstrated that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such an order, that the balance of equities tip in his favor, or that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Court will recommend denial of the motion for an injunction. Albert is welcome to renew his request for access to the documents if he continues to have difficulty.

Based on the foregoing, the Court enters the following:

## ORDER

1.    Albert's Motion for an Interlocutory Appeal is DENIED. (Doc. 49.)

2.    Albert's response brief to Defendants' Motion for Summary Judgment must be filed within 21 days of the making of this Order. If Albert

continues to have difficulty accessing the materials required to file his response, he must notify the Court immediately.

    3.    At all times, Albert must advise the Court and counsel of any change of address.

## RECOMMENDATION

    1.    Albert's motion for a temporary injunction should be DENIED. (Doc. 60.)

DATED this 2nd day of May, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge